FILED - USDC -NH
2026 MAY 27 PM4:22

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

**Robert William Parker**
Plaintiff,

v.

**Randy Burgess**, individually, ~Home~ *4663 Main Street Bethlehem*
and *NH 03574*

GEICO, *State of NH* work *150 Bundy Rd.*
Defendants. *Littleton NH 03561*

Civil Action No. _____

**COMPLAINT AND JURY DEMAND**

Plaintiff Robert William Parker ("Plaintiff"), proceeding pro se, hereby files this Complaint against Defendants Randy Burgess and GEICO and alleges as follows:

---

## I. INTRODUCTION

1. This civil action arises from a catastrophic motorcycle crash occurring on or about May 27, 2023, in Carroll, New Hampshire, along Route 302 near Blueberry Hill Road.

2. Plaintiff alleges that Defendant Randy Burgess was riding with Plaintiff throughout the day immediately preceding the crash and was operating a separate motorcycle immediately before the collision and crash event.

3. Plaintiff further alleges that Defendant Randy Burgess abandoned Plaintiff at the *Exh C&D* scene following the crash and failed to render aid or report the incident.

4. Plaintiff additionally alleges that material facts regarding the involvement of Defendant Randy Burgess were omitted, concealed, altered, or intentionally excluded from investigative and insurance records associated with the crash.

5. Plaintiff alleges that Defendant GEICO participated in negligent and bad-faith claims handling and relied upon materially disputed or incomplete crash narratives despite the existence of contradictory evidence and circumstances.

6. Plaintiff sustained severe bodily injury, emotional trauma, permanent physical injury, financial losses, and ongoing emotional distress as a result of the events described herein.

*I have video of us together moments Befor with His Relatives.*

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of costs and interest.

8. Plaintiff is a resident of Massachusetts with mailing address at 118 Hendom Drive, Feeding Hills, Massachusetts 01030.

9. Upon information and belief, Defendant Randy Burgess is a resident of the State of New Hampshire.

10. Defendant GEICO conducts business within the State of New Hampshire and throughout the United States.

11. Venue is proper in the District of New Hampshire pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred within the District of New Hampshire.

_____

## III. PARTIES

12. Plaintiff Robert William Parker is an adult individual residing in Feeding Hills, Massachusetts.

13. Defendant Randy Burgess is believed to reside in Bethlehem, New Hampshire, and/or was employed at Burndy LLC located at 150 Burndy Road, Littleton, New Hampshire.

14. Defendant GEICO is an insurance company conducting substantial business operations within the State of New Hampshire.

_____

## IV. FACTUAL ALLEGATIONS

15. On May 27, 2023, Plaintiff spent substantial portions of the day with Defendant Randy Burgess.

16. Plaintiff and Defendant Burgess traveled together on motorcycles throughout the day and stopped at multiple locations, including a campground prior to the crash.

17. Plaintiff possesses video evidence allegedly depicting Plaintiff and Defendant Burgess together immediately prior to the incident.

18. Plaintiff alleges that immediately before the crash, Plaintiff and Defendant Burgess were traveling westbound on Route 302 behind a white four-door sedan.

19. Plaintiff alleges that Defendant Burgess passed the white sedan shortly before the roadway curve where the crash occurred.

20. Plaintiff then passed the same sedan moments later.

21. Plaintiff alleges that the next event Plaintiff recalls was being violently struck, losing control, and suffering catastrophic injuries.

22. Plaintiff alleges upon information and belief that another vehicle and/or motorcycle may have been involved in the crash sequence.

23. Plaintiff further alleges that Defendant Burgess failed to stop, failed to render aid, failed to contact emergency services, and instead proceeded to his nearby residence.

24. Plaintiff was later discovered severely injured near the roadway and ultimately transported for emergency medical treatment.

25. The Carroll Police Department incident report authored by Officer Ryan J. True states that Plaintiff failed to negotiate the curve and entered the woods. (exhibit #1)

26. The same report references an unnamed second motorcycle operator allegedly traveling with Plaintiff.

27. Plaintiff alleges that despite the known presence of Defendant Burgess immediately before the crash, the official reports omit Defendant Burgess by name entirely.

28. Plaintiff further alleges that statements made by Plaintiff regarding the involvement of other vehicles and surrounding circumstances were omitted or withheld from investigative reports.

29. Plaintiff alleges that roadway conditions and signage near the curve were materially altered, removed, or inadequately documented.

30. Plaintiff alleges that Defendant GEICO processed and relied upon disputed crash narratives despite the existence of conflicting evidence and material omissions.

31. Plaintiff alleges that the conduct of Defendants caused severe physical injury, emotional trauma, humiliation, fear, anxiety, loss of enjoyment of life, financial loss, and continuing psychological distress.

---

## COUNT I – NEGLIGENCE

(Against Defendant Randy Burgess)

32. Plaintiff incorporates all prior paragraphs.

33. Defendant Burgess owed Plaintiff a duty to operate his motorcycle safely and reasonably under the circumstances.

34. Defendant Burgess breached that duty through negligent, careless, and reckless conduct.

35. Defendant Burgess further breached his duty by failing to render aid following the crash.

36. As a direct and proximate result, Plaintiff suffered severe injuries and damages.

---

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against Defendant Randy Burgess)

37. Plaintiff incorporates all prior paragraphs.

38. Defendant Burgess's conduct created an unreasonable risk of emotional harm.

39. Plaintiff suffered severe emotional distress with accompanying physical manifestations and trauma.

40. Plaintiff continues to suffer emotional injury and trauma associated with abandonment and the circumstances of the crash.

---

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against Defendant Randy Burgess)

41. Plaintiff incorporates all prior paragraphs.

42. Defendant Burgess's conduct in allegedly abandoning Plaintiff after a catastrophic crash was extreme and outrageous.

43. Such conduct exceeded all bounds tolerated by a civilized society.

44. Plaintiff suffered severe and continuing emotional distress as a direct result. Especially after learning 2 years later the sign was cut down conveniently located VIA satellite imagery (exhibit 2)for him to have had access to remove the said sign.

## COUNT IV – FAILURE TO RENDER AID

(Against Defendant Randy Burgess)

45. Plaintiff incorporates all prior paragraphs.

46. Plaintiff alleges Defendant Burgess knowingly failed to render reasonable aid or summon emergency assistance following the crash event.

47. Plaintiff alleges such failure substantially increased the severity of Plaintiff's suffering and trauma.

## COUNT V – CIVIL CONSPIRACY / CONCEALMENT

(Against All Defendants)

48. Plaintiff incorporates all prior paragraphs.

49. Plaintiff alleges that Defendants, acting individually and/or in concert with others presently unknown, concealed, omitted, distorted, or misrepresented material facts concerning the crash.

50. Plaintiff alleges that investigative and insurance records omitted material information regarding the presence and involvement of Defendant Burgess.

51. Plaintiff alleges that Defendants acted to minimize liability exposure and suppress contradictory evidence.

52. As a direct result, Plaintiff suffered additional emotional, financial, and legal harm.

## COUNT VI – SPOLIATION / DESTRUCTION OR CONCEALMENT OF EVIDENCE

(Against All Defendants)

53. Plaintiff incorporates all prior paragraphs.

54. Plaintiff alleges that material evidence, statements, roadway conditions, signage documentation, recordings, or investigative details were altered, omitted, concealed, destroyed, or inadequately preserved.

55. Plaintiff alleges such conduct substantially impaired Plaintiff's ability to fully investigate and present his claims.

_____

## COUNT VII – INSURANCE BAD FAITH / NEGLIGENCE

(Against Defendant GEICO)

56. Plaintiff incorporates all prior paragraphs.

57. Defendant GEICO owed duties of good faith, fair dealing, and reasonable investigation.

58. Plaintiff alleges GEICO failed to conduct a fair and complete investigation.

59. Plaintiff alleges GEICO relied upon incomplete, disputed, or misleading crash narratives despite contradictory evidence and circumstances.

60. Plaintiff alleges GEICO's conduct caused additional financial loss, emotional distress, and harm to Plaintiff.

_____

## DAMAGES

61. Plaintiff suffered severe bodily injuries requiring emergency medical intervention and hospitalization.

62. Plaintiff suffered emotional trauma, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, medical expenses, financial losses, and continuing damages.

63. Plaintiff seeks compensatory damages in an amount to be determined at trial but in excess of $75,000.

64. Plaintiff additionally seeks punitive damages based upon the alleged reckless, intentional, malicious, and bad-faith conduct of Defendants.

_____

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award compensatory damages;

C. Award punitive damages;

D. Award costs, fees, and any other relief deemed just and proper;

E. Grant such additional relief as the Court deems equitable and appropriate.

---

Respectfully submitted,

**/S/  Robert William Parker**
Pro Se Plaintiff
118 Hendom Drive
Feeding Hills, MA 01030
Phone: 857-389-8189
Email: parksmechanical4di@gmail.com

Date: 05/26/2026
Signature: